**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARGARET E. FINAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Consolidated Case |
| v. ) | No. 4:06-CV-171 CAS |
| ) | |
| GOOD EARTH TOOLS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| THOMAS M. FINAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Associated Case |
| v. ) | No. 4:06-CV-878 CDP |
| ) | |
| GOOD EARTH TOOLS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion to Reconsider Appointment of Thomas M. Finan as Plaintiff's Next Friend and to Appoint Nathan S. Cohen as Plaintiff's Guardian Ad Litem. For the following reasons, the Court will deny the motion.

**I.   DISCUSSION**

On April 14, 2001, plaintiff Margaret Finan suffered a cerebral aneurysm causing irreversible damage to her brain and rendering her incapacitated. She cannot speak or communicate with counsel. On March 6, 2006, this Court appointed Thomas M. Finan, plaintiff's husband, as her next friend. The Court granted Mr. Finan's Motion to Proceed In Forma Pauperis, and appointed Ms. Nakeyia Williams as plaintiff's attorney.

On behalf of plaintiff, Ms. Williams has filed a motion to reconsider the appointment of Mr. Finan as plaintiff's next friend. Ms. Williams states that Mr. Finan is the recipient of all plaintiff's income, including any recovery she may receive in this lawsuit, and therefore he has a conflict of interest and is incapable of fulfilling his role as next friend. Additionally, Ms. Williams states that Mr. Finan persistently refuses to cooperate with her efforts to efficiently and diligently pursue relief on behalf of plaintiff. Ms. Williams states that Mr. Finan has unreasonable expectations of recovery in this case and is unwilling to consider reasonable settlement.

Federal Rule 17(c) provides for the appointment of a next friend to protect the interests of an incompetent party to litigation. The Rule provides:

> **Infants or Incompetent Persons**. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Fed. R. Civ. P. 17(c).

To be appointed next friend, a party must be truly dedicated to the best interests of the incompetent party and should have some significant relationship with the party. See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). In Whitmore, the Supreme Court identified two "firmly rooted" prerequisites for standing as a next friend. First, the next friend must provide an explanation as to why the real party in interest cannot appear on his own behalf. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. The majority of courts have held that the next friend must have some significant

relationship with the real party in interest. See Whitmore, 495 U.S. at 163-64; Carson P. v. Heineman, 240 F.R.D. 450, 516 (D. Neb. 2007) (surveying federal law).

Neither party disputes that plaintiff qualifies as an incompetent person in need of protection under Rule 17(c). Rather, the parties' dispute centers on the second prerequisite for standing as next friend—whether Mr. Finan is truly dedicated to the best interests of plaintiff. Ms. Williams cites to a purported conflict of interest and Mr. Finan's "uncooperativeness, unrealistic expectations, and unwillingness to consider reasonable settlement" as evidence of his inability to adequately represent plaintiff's best interests in this litigation. Ms. Williams argues that because plaintiff was represented by a guardian ad litem in a prior state court proceeding, it is appropriate for her to be represented by a guardian ad litem, other than her husband, to protect her best interests in this litigation.

In Thomas M. Finan v. Margaret E. Finan, Case No. 01CC-2959 in the Circuit Court of St. Louis County, Missouri, Mr. Finan filed a petition for declaratory judgment pursuant to the Medicare Catastrophic Coverage Act of 1988. Pursuant to the court order in that case, the assets and income of plaintiff are allocated to Mr. Finan in order to qualify plaintiff for Medicaid coverage without requiring Mr. Finan to fall below welfare limits. Mr. Finan receives income sufficient to provide for himself and the Finan children while allowing plaintiff to qualify for Medicaid coverage for her care. Pursuant to this order, Mr. Finan will ultimately receive the benefit of any settlement of judgment in this matter. Ms. Williams asserts that this creates a conflict of interest such that Mr. Finan must be removed as next friend.

The Court cannot find support for plaintiff's position that Mr. Finan has a conflict of interest merely because he and his children will ultimately receive the benefit of a settlement or judgment in this matter. This case is analogous to the case of a minor being represented by his

3

parent as next friend. It is common for a minor's parent to be the next friend suing on behalf of a minor. In that case, it is evident that the interests of each are the same, and no need exists for someone other than the parent to represent the child's interests under Rule 17(c). See, e.g., Croce v. Bromley Corp., 623 F.2d 1084, 1093 (5th Cir. 1980) (ruling that district court did not commit reversible error by failing to appoint a guardian ad litem for a child whose mother brought an action on the child's behalf). Here, the Court has no evidence that the interests of Mr. Finan and plaintiff are different from one another. Presumably, because Mr. Finan and his children will ultimately benefit from a settlement or judgment, Mr. Finan has an interest in receiving the largest possible monetary award. This is in his wife's best interest as well. The Court cannot find any evidence that Mr. Finan's financial interests conflict with those of his wife.

Ms. Williams also asserts that Mr. Finan's unwillingness to consider reasonable settlement offers and his uncooperative behavior demonstrates his inability to serve plaintiff's best interests in this litigation. As examples of Mr. Finan's uncooperative behavior, Ms. Williams points to his conduct in missing appointments, failing to provide documents, and sending duplicative e-mails, facsimiles, and phone messages.

An attorney is charged with the duty of advising the client of the law, but the ultimate decisions regarding the case are made by the client. The attorney cannot dictate the outcome of the litigation. A lawyer must abide by the client's decisions concerning the objectives of representation and whether to accept a settlement offer. See Missouri Rule of Professional Conduct 4-1.2(a). Typically, clients are passionate about their case, and often this passion causes the client to have an unreasonable expectation regarding the value of the case. Also, it is an unfortunate reality of litigation that clients are sometimes uncooperative and even combative.

4

Although Ms. Williams correctly points out that Mr. Finan is not her client, she represents plaintiff through Mr. Finan. Mr. Finan qualifies as a next friend pursuant to Rule 17(c), and the Court cannot disqualify him merely because he believes the value of plaintiff's case is greater than the value placed on it by counsel. Nor is the Court willing to disqualify him because of the uncooperative behavior cited by Ms. Williams.

## II. CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff's Motion to Reconsider the Appointment of Thomas M. Finan as Plaintiff's Next Friend and to Appoint Nathan S. Cohen as Plaintiff's Guardian Ad Litem should be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Reconsider Appointment of Thomas M. Finan as Plaintiff's Next Friend and to Appoint Nathan S. Cohen as Plaintiff's Guardian Ad Litem is **DENIED**. [Doc. 57]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of May, 2007.