# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARGARET E. FINAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:06-CV-171 CAS |
| GOOD EARTH TOOLS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is plaintiff Margaret E. Finan's motion for attorneys' fees. [Doc. 102] Defendants Good Earth Tools, Inc., and Ballast Tools, Inc., also seek attorneys' fees and have filed a motion for leave to file their motion for attorneys' fees and memorandum in support out of time. [Doc. 105] For the following reasons, the Court finds none of the parties are entitled to fees.

### *I. Background*

Plaintiff Margaret E. Finan's husband, Thomas Finan, was employed by defendants and plaintiff received medical benefits, as a beneficiary, through a plan sponsored by Good Earth Tools. In April 2001, plaintiff suffered an aneurysm that left her incapacitated and with limited ability to communicate. In February 2004, defendants terminated plaintiff's husband's employment, and sometime thereafter, plaintiff no longer qualified for medical benefits under Good Earth Tools' medical plan. On February 2, 2006, Mr. Finan, as next friend, filed a complaint on plaintiff Margaret E. Finan's behalf against defendants Good Earth Tools and Ballast Tools.[1]

---

[1] Mr. Finan was originally a plaintiff in the above-captioned cause of action, however, shortly after the complaint was filed, he moved to withdraw as a party plaintiff. Mr. Finan brought his own complaint against defendants, which was filed separately and given case number 4:06-CV-878 CDP. The case, Thomas Finan v. Good Earth Tools, Inc., et al., was originally assigned to the Honorable Catherine D. Perry. Defendants moved to consolidate the two actions, arguing there were common questions

The Court granted plaintiff in forma pauperis status and appointed counsel to represent her. Plaintiff's complaint was amended, and three counts were brought against both defendants for: (1) unlawful interference with plaintiff's medical benefits pursuant to §510 of the Employee Retirement Security Income Act ("ERISA") in that defendants terminated Mr. Finan's employment due to the high costs of plaintiff's healthcare expenses; (2) failure to provide proper notice under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") in that defendants did not provide plaintiff separate notice of her right to continued healthcare coverage under the Good Earth Tools' medical plan; and (3) failure to respond to requests for documents and other information in violation of ERISA.

Following discovery, both sides moved for summary judgment. Defendants moved to dismiss the entire amended complaint. Plaintiff moved for partial summary judgment as to count II only against defendant Good Earth Tools.[2]

On October 15, 2007, the Court addressed the parties' summary judgment motions. It found defendants were entitled to summary judgment as to counts I and III. The Court also found plaintiff was entitled to partial summary judgment as to count II against defendant Good Earth Tools. In its October 15, 2007 Order, the Court concluded Good Earth Tools, through its third party administrator, failed to comply with the notice requirements COBRA and give plaintiff separate notice

---

of law and fact at issue. The motion was granted, and case number 4:06-CV-878 CDP was consolidated with 4:06-CV-171 CAS and assigned to the undersigned district judge. On October 15, 2007, the Court granted summary judgment as to all counts of the complaint in case number 4:06-CV-171 CAS. The association between the two cases was then severed.

[2]In her response to defendants' motion for summary judgment, plaintiff acknowledged Ballast Tools did not owe her a duty under COBRA, and she dismissed her claims against this defendant as to counts II and III of her amended complaint.

of her right to continued benefits. The Court, however, declined to award plaintiff damages or statutory penalties. The Court found plaintiff presented insufficient evidence to support an award of damages or penalties. In her motion for summary judgment and memoranda in support, plaintiff did not indicate total amount of penalties she was requesting, the reasons justifying an award of penalties, or even the harm she suffered as a result of her failure to receive separate notice. Plaintiff also presented no evidence of bad faith on the part of Good Earth Tools. While it was undisputed that Good Earth Tools' third party administrator failed to send Mrs. Finan separate COBRA notice, notice was sent to her husband and caretaker, Mr. Finan, and he elected benefits on her behalf. Under the facts of the case, the Court found the imposition of penalties against Good Earth Tools was not justified, and damages had not been shown.

## II. Discussion

Both sides are seeking attorneys' fees in this case. ERISA fee-shifting provision provides that a court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g). Under Eighth Circuit law, in deciding whether to award attorneys' fees under ERISA, a district court should use the factors outlined in Lawrence v. Westerhaus, 749 F.2d 494 (8th Cir. 1984), as well as "other relevant considerations as general guidelines . . . ." Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966, 972 (8th Cir. 2002). The five Westerhaus factors are: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties'

3

positions. Westerhaus, 749 F.2d at 496. In ERISA cases, there is no presumption in favor of awarding attorneys' fees to prevailing parties. Martin, 299 F.3d at 971-72 (8th Cir. 2002).

### A. Plaintiff's Request for Attorneys' Fees

Upon weighing the relevant factors, the Court finds an award of attorneys' fees in favor of plaintiff against defendant Good Earth Tools is not appropriate in this case. As detailed in the summary judgment order dated October 15, 2007, there was no evidence of bad faith on the part of defendant Good Earth Tools, which weighs against an award of fees. Furthermore, the Court finds an award of fees would not have a deterrent effect. The issue of whether a spouse is entitled to separate, written notice of continued benefits under ERISA was not fully resolved at the time of summary judgment, and as noted in the October 15, 2007 Order, courts are split on the issue. Defendant's violation was not willful, and an award of fees would not deter other administrators from making technical COBRA violations involving unsettled issues. The fact that the issue of spousal notice was not entirely resolved also weighs in defendant's favor as to the fifth factor – relative merits of the parties' positions. Defendant was not unjustified in its position that separate, written notice was not required under COBRA. As to the fourth factor, plaintiff's suit did not seek to benefit other plan beneficiaries or participants; plaintiff only sought damages and penalties on her own behalf, which she did not obtain. And while the resolution of her suit did involve an unsettled legal issue – that is, whether spouses are entitled to separate COBRA notification – it is the Court's opinion that plaintiff's motivation in bringing count II was not to resolve a significant legal issue, but to obtain penalties against Good Earth Tools for a technical violation of COBRA, from which she suffered no damages.

4

This leaves the second factor – defendant's ability to pay. Without offering evidentiary support in her motion or memorandum in support, plaintiff avers defendant has the ability to pay an award of fees because it has revenues in excess of $10 million a year. Even presuming defendant has the ability to pay, this alone "is not sufficient to support an award of attorney's fees when the other factors weigh against an attorney fees award." Hebert v. SBC Pension Benefit Plan, 354 F.3d 796, 801 (8th Cir. 2004) (citing Fletcher-Merrit v. NorAm Energy Corp., 250 F.3d 1174, 1181 (8th Cir. 2001)). The Court concludes plaintiff should not receive an award of attorneys' fees under the circumstances of this case.

The Court further finds the circumstances of this case are distinguishable from Starr v. Metro Sys., Inc., 461 F.3d 1036 (8th Cir. 2006), a case plaintiff cited in her memoranda in support. In Starr, the Eighth Circuit reversed the district court's decision declining to award attorneys' fees to a former employee in a COBRA action brought on the plaintiff's and his minor daughter's behalf. Like here, the district court found the defendant had not given the plaintiff proper COBRA notification, and it declined to award statutory penalties, which was affirmed. Id. at 1038-40. This, however, is where the similarities between the cases end. In Starr, the district court found the plaintiff and his minor daughter had suffered damages because the plaintiff had not received any COBRA notification, and thus, he did not have the opportunity to elect continued benefits. Id. at 1039. The district court awarded the plaintiff $113,468.86 in damages, which was the amount of medical benefits the plaintiff incurred less co-payments and premiums. Id. While the district court found there was no bad faith behind the defendant's complete failure to provide the plaintiff with COBRA notification, the Eighth Circuit made a point to note there was evidence the defendant attempted to cover-up the mistake, and it remarked that an award of attorneys' fees "will serve as an incentive for the defendant to pay closer

attention to its COBRA handling procedures." Id. at 1041. The Court, therefore, concludes the pertinent facts of the cases are not the same, and the interests served in the Starr case by awarding attorneys' fees are not implicated in the present case. In sum, the circumstances of the above-captioned case do not warrant an award of attorneys' fees in plaintiff's favor.

### B. Defendants' Request for Attorneys' Fees

Defendants missed the deadline to file a motion for attorneys' fees, and they have requested leave to file a motion for attorneys' fees and memorandum in support out of time. The Court need not address whether defendants are entitled to leave because the Court finds an award of fees in favor of defendants is not warranted under the circumstances of the case.

Upon review of the record and the five Westerhaus factors, the Court concludes that an award of attorneys' fees in defendants' favor would not be appropriate.[3] The Court finds no bad faith on plaintiff's part in bringing this case, which weighs against an award of fees. As for the second factor, ability to pay, plaintiff who is incapacitated and under skilled nursing care, is proceeding in forma pauperis and does not have the ability to pay defendants' attorneys' fees, which the Court presumes would be considerable. This weighs heavily against an award of fees. In regard to the third and fourth factors, awarding fees would have no deterrent effect, and defendants certainly did not seek to benefit others or resolve a significant legal question in defending this suit. Finally, as for the fifth factor, the Court finds that while plaintiff did not prevail as to counts I and III of her complaint, her

---

[3]Because the Court finds the Westerhaus factors and other relevant considerations weigh against the award of attorneys' fees in defendants' favor, the Court need not decide two unsettled issues: (1) whether defendants are even prevailing parties under the circumstances of this case; and (2) if defendants are not prevailing parties, whether defendants are entitled to attorneys' fees under 29 U.S.C. §1132(g).

claims and legal arguments were not entirely without merit or frivolous.  In sum, all five of the Westerhaus factors weigh against an award of attorneys' fees in defendants' favor.

In addition to the Westerhaus factors, other relevant considerations weigh against an award of attorneys' fees.  The Court finds the timing of defendants' request for attorneys' fees to be specious.  Attached as an exhibit to defendants' motion for leave to file a motion for attorneys' fees out of time was an e-mail dated November 5, 2007, from defense counsel to plaintiff's counsel.  In this e-mail, defense counsel states that should plaintiff move for attorneys' fees, defendants would do the same.  Furthermore, defense counsel suggests that defendants would waive their right to seek costs (and presumably attorneys' fees), in exchange for plaintiff waiving her right to appeal or file for attorneys' fees.  In light of this e-mail and the timing of defendants' motion, which defendants filed two days after plaintiff filed her motion for attorneys' fees, the Court suspects defendants are seeking attorneys' fees merely to gain an advantage in settlement negotiations with plaintiff, which does not weigh in favor of awarding fees.  In light of all the relevant factors, the Court finds defendants are not entitled to an award of attorneys' fees in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Margaret E. Finan's motion for attorneys' fees is **DENIED.**  [Doc. 102]

**IT IS FURTHER ORDERED** that defendants Good Earth Tools, Inc., and Ballast Tools, Inc.'s motion for leave to file a motion for attorneys' fees and memorandum in support out of time is **DENIED as moot.**  [Doc. 105]

**IT IS FURTHER ORDERED** that plaintiff Margaret E. Finan's motion for leave to respond to defendants' reply memorandum in support of defendants' motion for leave to file for attorneys' fees out of time is **DENIED as moot.** [Doc. 113]

**IT IS FURTHER ORDERED** that plaintiff's counsel's motion to withdraw as appointed counsel for plaintiff Margaret E. Finan is **GRANTED.** [Doc. 114]

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of April, 2008.